**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ROBERT UTLEY, ) | |
| ) | Case No.: CV 07-364-LMB |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| CONTINENTAL DIVIDE OUTFITTERS ) | |
| and CRAIG BAXTER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Currently pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 28), and Plaintiff's Motion to Strike Affidavits in Support of Motion (Docket No. 39). Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following Order.

### I.  BACKGROUND

Plaintiff brings this action against Defendants alleging negligence and omissions that occurred on September 30, 2005, when Plaintiff participated in a back-country hunting trip. *Complaint*, pp. 3–4 (Docket No. 1). Plaintiff seeks damages from Defendants under common law negligence for bodily injuries Defendants allegedly caused in violation of their duty of "ordinary care for the safety and health of Plaintiff." Defendants argue that Plaintiff is barred from recovery under Idaho law and, thus, his claim should be dismissed. *See Memorandum in support of Defendant Motion for Summary Judgment* (Docket No. 29).

**MEMORANDUM DECISION AND ORDER  - 1 -**

This action is now before the Court on Defendant's motion for summary judgment. (Docket No. 28).  At the time of the events giving rise to this action, Defendant Craig Baxter ("Baxter") was the owner operator of Continental Divide Outfitters, an Idaho corporation ("Corporation").  Among other services, Defendants provide clients guided back-country hunting experiences by horseback.  Plaintiff hired Defendants to provide such services.  The hunt in question required the use of saddle and pack horses to transport participants and equipment to and from the wilderness campsite, where the hunting expeditions was based.  Baxter accompanied Plaintiff and other participants on the hunt, to serve as guide and camp cook.  On September 30, 2005, the last day of the expidtion, a pack horse fell on Plaintiff, allegedly causing him bodily injury and related damages.

According to Plaintiff, before the horse fell, Plaintiff was assisting Baxter with packing and managing some of the horses.  Plaintiff alleges that Baxter requested that Plaintiff pet one of the horses on the head, as it was becoming jittery while Baxter was attaching a pack to the horse.[1]  While Baxter was tightening the, the horse reared up and then fell onto Plaintiff. Plaintiff alleges and claims that before correcting itself, the horse nearly rolled over Plaintiff's entire body, including his legs, torso and chest.  Defendants, on the other hand, claim that Baxter did not request the assistance of Plaintiff, and that the horse only "sat or fell onto the leg of [Plaintiff]."  Unable to evacuate Plaintiff from the campsite by horseback, Idaho Air Rescue was eventually phoned, and Plaintiff was airlifted to Idaho Falls by helicopter for medical treatment.

## II.  MOTION TO STRIKE

As an initial matter, the Court has reviewed Plaintiff's Motion to Strike the Affidavits of Craig Baxter, Matt Dalton, and Gary D. Luke.  (Docket No. 39).  Plaintiff argues that the

---

[1] For the purposes of the underlying action, Idaho law defines an "equine" as "a horse, pony, mule, donkey or hinny."  I.C. 6-1801.

**MEMORANDUM DECISION AND ORDER  - 2 -**

affidavits supporting Defendants' Motion for Summary Judgment should be stricken because the affidavits all contain improper leal opinions and conclusions.  In response, Defendants give several reasons why the affidavits should not be struck, essentially contending that the affidavits comply with the applicable rules of admissibility.

"The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings."  *U.S. v. Crisp*, 190 F.R.D. 546, 550 (E.D. Cal. 1999).  Specifically, "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Put simply, "[a] motion to strike is limited to pleadings."  *Crisp*, 190 F.R.D. at 551 (*citing Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983)).  An affidavit is not a pleading and, "[t]hus, by the plain terms [of] Rule 12(f), the rule cannot be use to strike an affidavit."  *Aftergood v. Central Intelligence Agency*, 355 F.Supp.2d 557, 564 (D. D.C. 2005).  Furthermore, motions to strike are generally disfavored and rarely granted.  *See Tonka Corp. v. Rose Art Industries*, 836 F.Supp. 200, 217 (D. N.J., 1993); *Pease & Curren Refining, Inc. v. Spectrolab, Inc.,* 744 F.Supp. 945, 947 (C.D. Cal. 1990), *abrogated on other grounds*, *Stanton Road Assocs. v. Lohrey Enters.,* 984 F.2d 1015 (9th Cir. 1993).  Such motions should not be granted "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  *Id*. (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1382 (1969)).

While generally disfavored, and rarely granted, the motion to strike is not totally irrelevant.  "[A] motion to strike materials that are not part of the pleadings may be regarded as an invitation by the movant to consider whether [proffered material] may properly be relied upon."  *Natural Resources Defense Council v. Kempthorne*, 539 F.Supp.2d 1155, 1161 (E.D. Cal. 2008) (*citing Crisp*, 190 F.R.D. at 551; *Monroe v. Bd. of Educ.*, 65 F.R.D. 641, 645 (D.

**MEMORANDUM DECISION AND ORDER  - 3 -**

Conn. 1975) ("[A] motion to strike has sometimes been used to call courts' attention to questions about the admissibility of proffered material in [ruling on motions].").

Plaintiff's motion to strike calls into question much of Defendants' proffered materials; Plaintiff is correct that Defendants' affidavits contain inappropriate legal conclusions. However, the Court need not substantively address Plaintiff's motion to strike. The Court gives no weight to these portions of the affidavits containing self-serving characterizations or improper legal conclusions, but considers the remaining evidence contained in the affidavits and gives them weight only so far as the information is admissible. Notably, however, this leaves little remaining to consider in Defendants' supporting affidavits.

### III.  MOTION FOR SUMMARY JUDGMENT

    A.       **Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the Court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Once the party seeking summary judgment carries its burden, summary judgment must be entered unless the nonmoving party shows specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If the nonmoving party fails to make a showing as to any essential factual element, "there can be no genuine issue as to any material fact, since a complete failure of proof

**MEMORANDUM DECISION AND ORDER  - 4 -**

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(e).

According to Rule 56, a factual issue must be both "material" and "genuine" to preclude entry of summary judgment. An issue is "material" if it affects the outcome of the litigation. An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial," *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)), or when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Cases in this Circuit are in accord. *See, e.g., British Motor Car Distribs., Ltd. v. S.F. Auto. Indus. Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

When ruling on summary judgment motions, conflicting evidence and credibility determinations will not be resolved. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Moreover, all inferences are drawn in the light most favorable to the nonmoving party. *Id.* at 631. That is, "if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id.*

In order to withstand a motion for summary judgment, a nonmoving party:

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distribs.*, 882 F.2d at 374 (citation omitted). If the moving party meets its initial burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must "produce 'specific facts showing that there remains a genuine issue for trial' and evidence 'significantly probative' as to any [material] fact claimed to be disputed." *Steckl v.*

*Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (*citing Ruffin v. County of L.A.*, 607 F.2d 1276, 1280 (9th Cir. 1979)).

Non-material disagreements about an issue of fact will not preclude summary judgment. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). To withstand summary judgment, the non-moving party must show that there is a disagreement as to a material fact. *Id.* A material fact is

> one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the *substantive law* governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

*T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)) (emphasis added).

An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn*, 523 F.2d at 464 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Accordingly, "[a] mere scintilla of evidence supporting the non-moving party's position is insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Likewise, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

    **B.**    **Defendants' Motion for Summary Judgment Based on Statutory Immunity**

In Idaho, to establish a negligence claim, Plaintiff must show: "(1) [Defendants had] a duty, recognized by law, requiring [Defendants] to conform to a certain standard of conduct; (2) [that Defendants] breach[ed] that duty; (3) [there is] a causal connection between [D]efendants'

**MEMORANDUM DECISION AND ORDER - 6 -**

conduct and the resulting injury; and (4) [that Plaintiff suffered an] actual loss or damage." *Obendorf v. Terra Hug Spray Co., Inc.*, 145 Idaho 892, 898, 188 P.3d 834, 840 (2008).

Plaintiff's Complaint alleges that (1) Defendants "had a duty of ordinary care for the safety and health of Plaintiff;" (2) Defendants "breached [their] duty of ordinary care to the Plaintiff;" and (3) "[a]s a result of Defendants . . . negligent acts and omissions [Plaintiff was caused] to suffer severe and permanent injuries. *Complaint*, p. 2–3 (Docket No. 1).  On October 3, 2008, Defendants moved for summary judgment on the basis that they are statutorily immune to liability pursuant to I.C. §§ 6-1206, and 6-1802 [hereinafter *Outfitter Law & Equine Immunity Law*].  *Memorandum in Support of Summary Judgment* (Docket No. 29).

In Idaho jurisprudence it is well established that "[t]he Idaho Legislature has recognized both the value to the state's economy and the risky nature of outdoor recreation by enacting several different laws aimed at promoting outdoor recreation, while also attempting to delineate and limit the circumstances under which providers of these activities may be liable for the injuries that inevitably happen in the outdoors."  Brent Wilson, *Lee v. Sun Valley Company: Public Duty or Abdication of Free Will and Personal Responsibility?*, 41 Idaho L. Rev. 429, 431 (2005).  The aims of the *Outfitter Law* and the *Equine Immunity Law* are consistent with those purposes.  *Id*.

Defendants argue that Plaintiff's claims are barred "because Idaho's Outfitter Law and Equine Immunity Law] specifies that Defendants . . . are granted immunity from Plaintiff's negligence claims."  *Memorandum in Support of Summary Judgment*, 1 (Docket No. 28).  In state-law negligence actions, federal courts apply the forum state's substantive law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Immunity statutes are substantive, and Idaho's law will be applied here.  *See Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 830–33 (9th Cir. 2005).

MEMORANDUM DECISION AND ORDER  - 7 -

When reviewing motions for summary judgment, the Court does not weigh evidence, consider credibility or resolve disputed issues of fact. Rather, the Court's role here is to assess only whether there are any factual issues that must be tried. If, as a matter of law, Defendants are shielded by one of Idaho's immunity statutes, there are no genuine factual issues, and summary judgment should be granted in favor of Defendants. If, on the other hand, factual controversy exists to cloud Defendants' immunity claims, summary judgment must be denied.

### 1.    Immunity under Idaho's *Outfitter Law*

Idaho's *Outfitter Law* defines the duties and liabilities of recreational participants, outfitters, and guides. By way of summary, the *Outfitter Law* contemplates that "consumers of outdoor recreation services understand and accept the risk inherent in such activities, yet acknowledge that outfitters and guides should still be responsible for loss due to certain, specified acts." *Id*. at 448. In plain language, the *Outfitter Law* defines only the duties of guides operating within the state of Idaho. *Id*. at 449.

The *Outfitter Law* provides, in relevant part, that

> [n]o licensed outfitter or guide acting in the course of his employment shall be liable to a participant for damages or injuries . . . unless such damage or injury was directly or proximately caused by failure of the outfitter or guide to comply with the duties placed on him by [I.C. § 36-2100,] the rules of the Idaho outfitters and guides board, or by the duties placed on such outfitter or guide by the provisions of this chapter.

I.C. § 6-1206. Section 6-1204 does not actually limit liability for guides or grant absolute immunity as a matter of law. I.C. § 6-1204. Rather, the *Outfitter Law* states that guides "shall conform to the standard of care expected of members of his profession . . .." *Id*. This statutory duty of care is nothing more than a codification of the Idaho's common law duty of care owed by professionals to their customers. *See Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994). This standard of care (or duty) applies to anyone engaging in the business of guiding. *See* I.C. § 36-2102.

**MEMORANDUM DECISION AND ORDER  - 8 -**

Idaho broadly defines guides as "any natural person who is employed by a licensed outfitter to furnish personal services for the conduct of outdoor recreational activities directly related to the conduct of activities for which the employing outfitter is licensed." I.C. § 36-2102(c).  At the time giving rise to the underlying action, the guide originally employed by the Corporation was gone.  *Defendant's Statement of Undisputed Facts*, p. 3 (Docket No. 30). According to Plaintiff, Baxter was a guide at the time.  *See affidavit of Robert Utley*, p. 2 (Docket No. 41-1) ("The afternoon prior to our departure, [the guide hired by Defendant] left camp to catch a flight home, and Craig Baxter guided all three us that afternoon.").  Defendants argue that "[t]he incident did not involve guide services because it occurred in camp and was unrelated to the personal services provided by a hunting guide." *See Affidavit of Craig Baxter*, p. 4 (Docket No. 31); *contra* I.C. § 36-2102(c).  Idaho law does not so narrowly define guide. Additionally, further inquiry into Baxter's actions or omissions require a factual analysis which is the purview of the trier of fact.  Likewise, for the purposes of summary judgment, Baxter, in assuming the role of guide, under Idaho law, assumed a duty of care that was arguably violated when Plaintiff was injured.

Because Baxter was acting as a guide when Plaintiff was injured, Idaho's *Outfitter Law* does not provide him with absolute immunity as a matter of law.  With regard to the Corporation, who employed the guide services of Baxter, Idaho law makes clear that "[a]n outfitter shall be responsible for . . . [t]he actions of all guides, and other persons, while in the scope of their employment." *Rules of the Idaho Outfitters and Guides Licensing Board*, Idaho Admin. Code r. 25.01.01.012 (1990).  It is undisputed that Baxter was acting within the scope of his employment at the time of the accident.  Accordingly, Defendants' motion for summary judgment is denied.

**MEMORANDUM DECISION AND ORDER  - 9 -**

### 2.  Immunity under Idaho's *Equine Immunity Law*

With some specific exceptions, Idaho's *Equine Immunity Law* generally limits the liability of "an equine activity sponsor or an equine professional . . . for any injury to or the death of a participant or equine engaged in an equine activity . . .."  I.C. § 6-1802.  Defendants argue here that "Plaintiff has not and cannot demonstrate that any of the statute's exemptions are applicable."  In his *Brief in Opposition to Defendants' Motion for Summary Judgment* (Docket No. 41), Plaintiff failed to address the *Equine Immunity Law* argument advanced by Defendants.  Nonetheless, the Court has an independent obligation to review the record and apply any relevant law.  *See Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1379–80 (Fed. Cir. 2007).

Idaho's *Equine Immunity Law* sets forth the following relevant exceptions to the immunity accorded to equine activity sponsors or equine professionals:

> [There is no grant of immunity i]f the equine activity sponsor or the equine professional: (i) Provided the equipment or tack and the equipment or tack caused the injury; (ii) Provided the equine and failed to make reasonable and prudent efforts to determine the ability of the participant to engage safely in the equine activity, determine the ability of the equine to behave safely with the participant, and to determine the ability of the participant to safely manage the particular equine; . . . (iv) Commits an act or omission that constitutes willful or wanton disregard for the safety of the participant or equine and that act or omission caused the injury; [or] (v) Intentionally injures the participant or equine . . ..

I.C. § 6-1802(3).

There is no dispute that the equipment or tack did not cause Plaintiff's injury.  Nor is there any dispute as to whether Defendants' actions were a willful or wanton disregard of Plaintiff's safety.  However, the record in front of the Court illustrates factual disputes as to whether Defendant actually determined the ability of: (1) Plaintiff to engage safely in the equine activity; (2) the equine to behave safely with Plaintiff; and (3) Plaintiff to safely manage the particular equine.  *See affidavit of Craig Baxter*, pp.2–4 (Docket No. 31); *contra affidavit of*

**MEMORANDUM DECISION AND ORDER - 10 -**

*Robert Utley*, p. 2 (Docket No. 41-1). Further, there is a dispute of fact as to whether Defendant Baxter requested the help of Plaintiff in packing the allegedly skittish horse or if Plaintiff was merely in the wrong place at the wrong time when the horse fell. *Id.*

These disputes of fact proscribe summary judgment. The Court is required to view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654 (1962). Viewing the facts in the light most favorable to Plaintiff, triable issues of material fact remain regarding immunity under the *Equine Immunity Law*. Because the above determinations implicate factual inquiries and material facts are in dispute, Defendants' motion for summary judgment is denied.

### C. Conclusion

Summary judgment is only appropriate when there is no dispute as to any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. *See Matsushita*, 475 U.S. at 587. Even if the non-moving party fails to adequately respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. *See Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 135 (2000).

The Court must review all of the evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Id.* In ruling on summary judgment motions, the Court is not allowed to make credibility determinations, weigh evidence or resolve disputes of fact, as those functions are reserved for the jury. *Id.* "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*

**MEMORANDUM DECISION AND ORDER  - 11 -**

A careful review of the record makes clear that genuine issues of material fact exist. Further, the material facts necessary to resolve the issues of liability and immunity are in dispute. Accordingly, Defendants' motion for summary judgement must be denied.

## IV. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Strike (Docket No. 39) is DENIED.

2. Defendants' Motion for Summary Judgment (Docket No. 28) is DENIED.



DATED: **March 10, 2009**.

_____
Honorable Larry M. Boyle
United States Magistrate Judge